DECISION
I Background
This case arises out of the Appellant being put on three (3) days investigative leave without pay after an allegation was made that she engaged in workplace misconduct. Around the same time the Appellant took ninety (90) days medical leave. Upon her return she grieved the investigative leave claiming it was an adverse employment action and should be overturned. The Area Manager affirmed the three-day unpaid investigative leave. The Appellant appealed the decision to the Oneida Personnel Commission who upheld the investigative leave. The Appellant appealed to the Oneida Tribal Judicial System citing and explaining four (4) out of six (6) possible criteria for acceptance. The Appellate Court accepted the appeal, on the basis there is an exhibited procedural irregularity which would be considered a harmful *251 error that may have contributed to the final decision, which if the error had not occurred, would have altered the final decision.

A. Jurisdiction

The Oneida Tribal Judicial System has jurisdiction over this appeal by virtue of Sec. 1.11-1 of the Administrative Procedures Act which permits appeal of a final decision in a contested case.

B. Factual background

On April 15, 2008, the Appellant was placed on a three-day investigative leave. The respondent imposed the leave because the Appellant had allegedly made some threatening statements to another coworker. The leave was without pay beginning April 15, 2008 ending April 18, 2008. It is not clear whether the Appellant was to return April 18, 2008 or April 19, 2008. However, on April 18, 2008 the Appellant took a personal day and entered into a 90-day medical leave. The results of the investigation were not shared with the Appellant.
On July 18, 2008, the Appellant returned to work. On July 29, 2008 the Appellant grieved her three-day investigative leave claiming many errors on the part of the Respondent. The Appellant requested that the investigation be overturned and removed from her file and also sought “the return of my three days with all benefits.”
On August 6, 2008, the Area Manager denied the Appellant grievance based on two grounds: 1) The grievance procedures are not applicable to an investigative leave and 2) grievance was untimely as it was filed well over the 10 days allowed for grievances in Sec. V.D.6.a.l.b.

C. Procedural background

The Appellant timely appealed to the Personnel Commission, which held a hearing on September 16, 2008. The Personnel Commission ruled on November 6, 2008 that the Appellant’s July 29, 2008 appeal of the investigative leave was untimely because it exceeded the 10 days permitted for employee appeals as required by Sec. V,D.6.a.l.b,
On December 2, 2008, the Personnel Commission reconvened to address the Appellant’s request to Review, Re-evaluate and Re-examine the ruling. The Original Hearing Body entertained the Review, Re-Evaluate and Re-Examine request by the Appellant, which posed a problem with timelines for the approval by the Appellate court. This error gave a false impression for the Appellant to continue. As a result, the Appellant did not have the opportunity to present a full brief to the Appellate court.

D.Applicable law

It is difficult for the Appellate court to adequately rule on this case based on the information provided.
II Issues
Was there exhibited a procedural irregularity which would be considered a harmful error that may have contributed to the final decision, which if the error had not occurred, would have altered the final decision?
Ill Analysis
Was there exhibited a procedural irregularity which would be considered a harmful error that may have contributed to the final decision, which if the error had not occurred, would have altered the final decision?
Yes. The Oneida Personnel Commission did not cite their finding of fact and conclusion of law. The Oneida Personnel Commission erred when they responded to *252 Appellant’s November 12, 2008 Request to Review, Re-Evaluate and Re-examine Ruling. The right to appeal process was included in the November 6, 2008 Motion Decision to dismiss. This response resulted in a procedural irregularity.
In order to adequately review this case, the following questions must be clearly defined by the Original Hearing Body.
Do timelines stop when an employee is on a medical leave?
Does it say this in the Medical Leave Policy?
Where is the rule of law that supports the dismissal of this case?
Where is the finding of facts and conclusion of law analysis?
IV Decision
We are remanding this case back to the Personnel Commission for a full hearing on the questions listed above.
IT IS SO ORDERED.